1
2
3
4
5
6                  IN THE UNITED STATES DISTRICT COURT
7                    FOR THE DISTRICT OF ARIZONA
8
9  Evvers Rafael Guevara-Moreno,        )    No. CV 08-1709-PHX-SRB (ECV)
                                         )
10            Petitioner,                )    **REPORT AND RECOMMENDATION**
                                         )
11  vs.                                  )
                                         )
12                                       )
   Michael Chertoff, et al.,             )
13                                       )
             Respondents.                )
14                                       )
                                         )
15  _____    )

16  TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:

17          Pending before the court is Petitioner's Petition for Writ of Habeas Corpus and

18  Complaint for Declaratory and Injunctive Relief.  Doc. #1.

19             **FACTUAL AND PROCEDURAL BACKGROUND**

20          Petitioner, who is a native and citizen of Nicaragua, entered the United States pursuant

21  to an immigrant visa in 1979.  Doc. #17, Exh. 1.  In 2004, Petitioner was convicted in

22  California of two theft offenses, one of which was a felony, and possession of cocaine, also

23  a felony.  Doc. #17, Exh. 2-4.  Following the convictions, the Department of Homeland

24  Security (the government) filed a Notice to Appear against Petitioner alleging that he was

25  subject to removal from the United States because he was convicted of two crimes involving

26  moral turpitude and a controlled substance offense.  Doc. #17, Exh. 5.  Petitioner was served

27  with the notice on March 6, 2006.  Id.  Although the Notice of Custody Determination dated

28  March 1, 2006, shows that Petitioner initially had a bond set for $15,000, it further shows

that the District Director redetermined custody the next day and ordered Petitioner to be held without bond. Doc. #17, Exh. 13. To the court's knowledge, he has been detained since that date.

On March 15, 2006, the government withdrew the allegation of removal based on the theft convictions and relied solely on the controlled substance offense. Doc. #17 at 3. On May 9, 2006, an Immigration Judge (IJ) granted Petitioner's application for cancellation of removal. Doc. #17, Exh. 6. The government appealed that decision and on October 27, 2006, the Board of Immigration Appeals (BIA) vacated the IJ's decision, denied the application for cancellation of removal and remanded to the IJ for entry of an order of removal. Doc. #17, Exh. 7. On November 28, 2006, the IJ ordered Petitioner to be removed from the United States to Nicaragua. Doc. #17, Exh. 8. The BIA subsequently dismissed Petitioner's appeal of the removal order on February 27, 2007. Doc. #17, Exh. 9.

On March 5, 2007, Petitioner filed a Petition for Review in the Ninth Circuit Court of Appeals. Doc. #17, Exh 10. The Ninth Circuit remanded the case back to the BIA to address a particular issue, after which the BIA again dismissed the appeal. Doc. #17, Exh. 11. Petitioner again filed a Petition for Review in the Ninth Circuit on May 20, 2008. Doc. #17, Exh. 12. On the same day, the Ninth Circuit granted a temporary stay of removal. Doc. #17, Exh. 16. The case remains pending before the Ninth Circuit and, according to that court's docket, Respondents' answering brief is due on May 8, 2009.

Through counsel, Petitioner filed his Petition for Writ of Habeas Corpus in this court on September 15, 2008. Doc. #1. Petitioner alleges that the government is illegally detaining him in that it has not provided him with a hearing to determine his eligibility for release on bond. He asks the court to direct Respondents to conduct a prompt custody hearing. On November 4, 2008, Respondents filed a Response in Opposition to Petition for Writ of Habeas Corpus. Doc. #17. Petitioner has not filed a reply.

**DISCUSSION**

Respondents argue in their response that Petitioner is not entitled to a bond hearing because he has not requested one under 8 U.S.C. § 1226(a) and 8 C.F.R. § 1236.1(d)(1). Respondents contend that because Petitioner has not made the request for a hearing, his habeas petition should be denied for failing to exhaust his administrative remedies. Respondents further argue that his continued detention is lawful because it is not indefinite.

Two recent Ninth Circuit Court of Appeals decisions, <u>Casas-Castrillon v. DHS</u>, 535 F.3d 942 (9th Cir. 2008) and <u>Prieto-Romero v. Clark</u>, 534 F.3d 1053 (9th Cir. 2008) address the detention of aliens pending judicial review of their removal orders. The cases held that the detention of aliens awaiting judicial review of their removal orders is governed by 8 U.S.C. § 1226(a). <u>Casas-Castrillon</u>, 535 F.3d at 948; <u>Prieto-Romero</u>, 534 F.3d at 1062. That statute authorizes the Attorney General to detain an alien "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). In <u>Casas-Castrillon</u>, the court further held that because prolonged detention of such aliens without adequate procedural protections would raise serious constitutional concerns, "§ 1226(a) must be construed as *requiring* the Attorney General to provide the alien" with a bond hearing. <u>Casas-Castrillon</u>, 535 F.3d at 951(emphasis in original). An alien detained under these circumstances is "entitled to release on bond unless 'the government establishes that he is a flight risk or will be a danger to the community.'" <u>Id.</u> (citing <u>Cooper v. Oklahoma</u>, 517 U.S. 348, 363 (1996)). Absent evidence that the government has already afforded a habeas petitioner under these circumstances a bond hearing that complies with these requirements, the petitioner should be released unless the government provides such a hearing within 60 days. <u>Casas-Castrillon</u>, 535 F.3d at 952.

Respondents' contention that the petition should be dismissed because Petitioner failed to exhaust his administrative remedies is without merit. When Petitioner was first taken into custody, he was ordered "released under bond in the amount of $15,000.00." Doc. #17, Exh. 13. The following day, the District Director reconsidered his custody status and directed Petitioner to be detained with no bond. <u>Id.</u> Petitioner then requested a change in his

1   custody status pursuant to 8 C.F.R. § 1236.1(d)(1), the provision that Respondents claim

2   Petitioner failed to utilize.  Doc. #17, Exh. 14.  That request was denied by the IJ after he

3   concluded he was without jurisdiction to decide the issue.  Id.  Thus, when Petitioner

4   attempted to do what Respondents' claim he failed to do, the IJ found he lacked jurisdiction

5   over the issue.   The court finds that Respondents' contention that he failed to utilize

6   administrative remedies to challenge his detention is not supported by the evidence.

7       Moreover, Respondents' concede that the statutory exhaustion requirement under 8

8   U.S.C. § 1252(d)(1) applies to judicial review of removal orders, not to the review of

9   detention orders.  Doc. #17 at 9.  Respondents provide no on-point legal authority requiring

10  administrative exhaustion under the circumstances presented here.  Instead they argue that

11  principles of "prudential exhaustion" should apply here.  The court disagrees.  Absent some

12  direct authority establishing that Petitioner was required to do more than he did before

13  seeking habeas review, the court finds Respondents' exhaustion argument unpersuasive.

14      Regarding Respondents' contention that Petitioner is being lawfully held despite not

15  receiving an individualized bond hearing, Casas-Castrillon holds otherwise.  As explained

16  above, that case and Prieto-Romero held that the detention of aliens awaiting judicial review

17  of their removal orders is governed by 8 U.S.C. § 1226(a).  Casas-Castrillon, 535 F.3d at

18  948; Prieto-Romero, 534 F.3d at 1062.  That statute "must be construed as *requiring* the

19  Attorney General to provide the alien" with an "individualized determination of his

20  dangerousness or flight risk...."  Casas-Castrillon, 535 F3d at 951 (emphasis in original).

21      Petitioner has been in custody for over two years.  His case has been pending before

22  the Ninth Circuit, for a second time, for nearly a year and the answering brief still hasn't been

23  filed.  He is in a similar position as the petitioner in Casas-Castrillon, in that he is awaiting

24  a judicial resolution of his removal order from the Ninth Circuit.  As such, he is entitled to

25  a bond hearing.  The court will therefore recommend that his petition be granted unless he

26  receives a bond hearing within 60 days.

27  **IT IS THEREFORE RECOMMENDED:**

28      That the Petition for Writ of Habeas Corpus (Doc. #1) be **granted** as follows:

1   That the District Court Judge order Respondent to release Petitioner, unless within 60
2   days of the District Court's Order, Respondent provides a hearing to Petitioner before an
3   Immigration Judge with the power to grant him bail unless Respondent establishes that he
4   is a flight risk or will be a danger to the community;

5   This recommendation is not an order that is immediately appealable to the Ninth
6   Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
7   Appellate Procedure, should not be filed until entry of the district court's judgment.  The
8   parties shall have ten days from the date of service of a copy of this recommendation within
9   which to file specific written objections with the Court.  See, 28 U.S.C. § 636(b)(1); Fed. R.
10  Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have ten days within which to file a
11  response to the objections.  Failure to timely file objections to the Magistrate Judge's Report
12  and Recommendation may result in the acceptance of the Report and Recommendation by
13  the district court without further review.  See United States v. Reyna-Tapia, 328 F.3d 1114,
14  1121
15  (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the
16  Magistrate Judge will be considered a waiver of a party's right to appellate review of the
17  findings of fact in an order of judgement entered pursuant to the Magistrate Judge's
18  recommendation.  See Fed. R. Civ. P. 72.

19  DATED this 27th day of April, 2009.

Edward C. Voss
United States Magistrate Judge